**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of Delaware

Case number (*If known*): ______________ Chapter 11

☐ Check if this is an amended filing

# Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| **1. Debtor's name** | CIBER Consulting, Incorporated | |
| **2. All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | Ciber | |
| **3. Debtor's federal Employer Identification Number** (EIN) | N/A | |
| **4. Debtor's address** | **Principal place of business**<br>6312 South Fiddler's Green Circle<br>Number Street<br>Suite 600E<br>Greenwood Village CO 80111<br>City State ZIP Code<br><br>Arapahoe<br>County | **Mailing address, if different from principal place of business**<br>Number Street<br>P.O. Box<br>City State ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number Street<br>City State ZIP Code |
| **5. Debtor's website** (URL) | www.ciber.com | |
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: ______ | |

Debtor CIBER Consulting, Incorporated
Name

Case number (*if known*) ________________

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101 (51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5416

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201 A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District ________ When ________ (MM / DD / YYYY) Case number ________

District ________ When ________ (MM / DD / YYYY) Case number ________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor See Attachment 1 Relationship Affiliate

District Delaware When 04/09/2017 (MM / DD / YYYY)

Case number, if known ________

Debtor CIBER Consulting, Incorporated
Name
Case number (*if known*)

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No (See Attachment 2)

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ____________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____________

**Where is the property?** ____________
Number Street

____________

City State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ____________

Contact name ____________

Phone ____________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor CIBER Consulting, Incorporated
Name

Case number (if known) ____________

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/09/2017
MM / DD / YYYY

✕ ____________________
Signature of authorized representative of debtor

Christian Mezger
Printed name

Title Chief Financial Officer

**18. Signature of attorney**

✕ ____________________
Signature of attorney for debtor

Date 04/09/2017
MM / DD / YYYY

Mark Minuti
Printed name

Saul Ewing LLP
Firm name

1201 N. Market Street, Suite 2300
Number Street

Wilmington DE 19801
City State ZIP Code

(302) 421-6840
Contact phone

mminuti@saul.com
Email address

DE Bar No. 2659
Bar number

Delaware
State

## ATTACHMENT 1

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion will be filed shortly with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | Relationship | District | Date of Filing | Case Number |
|---|---|---|---|---|
| CIBER, Inc. | Affiliate | District of Delaware | April 9, 2017 | Not Yet Assigned |
| CIBER International LLC | Affiliate | District of Delaware | April 9, 2017 | Not Yet Assigned |

## ATTACHMENT 2

## PROPERTY THAT NEEDS IMMEDIATE ATTENTION

**In Item 12, the Petition inquires whether the debtor owns or has possession of any real property or personal property that needs immediate attention because it poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety, and, if so, requires the debtor to identify the hazard.**

The debtor listed on this petition (the "Debtor") does not believe that it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

**ACTION BY UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS
OF CIBER CONSULTING, INCORPORATED**

**April 9, 2017**

In accordance with Section 8.45 of the Illinois Business Corporation Act of 1983 and the Bylaws of CIBER CONSULTING, INCORPORATED (the "By-Laws"), an Illinois corporation (the "Company"), the undersigned, constituting all of the members of the Company's Board of Directors (the "Board"), hereby adopt the following resolutions:

**COMMENCEMENT OF CHAPTER 11 CASE**

**WHEREAS**, the Board has extensively discussed and analyzed, in consultation with the Company's management, and financial and legal advisors, the alternatives available to the Company, and has determined that seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") by the Company presents the best opportunity for preserving and maximizing the value of the enterprise for the benefit of the Company, its subsidiaries, creditors, employees and stakeholders and other interested parties;

**WHEREAS**, the Board has determined that the appointment of Jonathan Goulding as Chief Restructuring Officer (the "CRO") of the Company pursuant to that certain engagement letter with Alvarez & Marsal North America, LLC ("A&M") presented to the Board (the "Engagement Letter") is necessary and appropriate to enhance the Company's efforts to maximize the value of the enterprise for the benefit of the Company, its creditors, stakeholders, and other interested parties; and

**WHEREAS,** after consideration of all factors and information the Board deemed relevant, the Board deems it desirable for, fair to and in the best interests of the Company, its subsidiaries, creditors, and stakeholders and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought (the "Chapter 11 Case").

NOW THEREFORE, BE IT RESOLVED as follows:

**RESOLVED,** that the Board hereby determines that the Company shall file a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is further

**RESOLVED**, that the Board hereby determines that any of the officers or agents of the Company (the "Authorized Officers"), and each of them, acting either individually or jointly, after obtaining advice from the Company's financial and legal advisors and obtaining relevant information from the responsible employees of the Company, are hereby authorized and directed, in the name and on behalf of the Company, to execute and verify the Petition and any documents related thereto, and to cause the same to be filed in the Bankruptcy Court; and it is further

**RESOLVED**, that without limiting the generality of the foregoing, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized and directed, in the name and on behalf of the Company, to execute one or more declarations and other documents relating to the Petition, including without limitation an overview of the Company's business and support for each of the motions

requested in connection with the Petition, each in form and substance prepared and reviewed by the Company's financial and legal advisors and approved by such officer, the execution thereof by such officer to be conclusive evidence of such approval; and it is further

**RESOLVED**, that the Board hereby determines that the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals in executing, verifying or filing the Petition with a view to its successful prosecution; and it is further

**RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES**

**RESOLVED**, that the Board hereby determines that the law firm of Morrison & Foerster LLP ("Morrison & Foerster") shall be employed as bankruptcy counsel to the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Morrison & Foerster; and it is further

**RESOLVED**, that the Board hereby determines that the law firm of Saul Ewing LLP ("Saul Ewing") shall be employed as local bankruptcy counsel to the Company in the Chapter 11 Case, subject to approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Saul Ewing; and it is further

**RESOLVED**, that the Board hereby determines that the firm of Houlihan Lokey ("Houlihan") shall be employed to provide investment banking services to the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Houlihan; and it is further

**RESOLVED**, that the Board hereby determines that the firm of Prime Clerk LLC ("Prime Clerk") shall be employed as claims and noticing agent for the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

**RESOLVED**, that Jon Goulding shall be appointed as the CRO of the Company and A&M may make additional personnel available to support the CRO, subject to the terms of the Engagement Letter and approval of the Bankruptcy Court; and in connection therewith, any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain Mr. Goulding as CRO; and it is further

**RESOLVED**, that the Engagement Letter and all of its terms and conditions (including but not limited to the indemnification and limitation on liability terms thereof) are approved and consented to by the Board, and any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute the Engagement Letter; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are authorized, empowered, and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusive evidence of the due authorization and approval thereof by the Board.

**THE DIP LOAN DOCUMENTS**

**WHEREAS**, the Board has been presented with a proposed Debtor-in-Possession Credit Agreement (the "DIP Loan Agreement"), by and among (i) the lenders party thereto, (ii) Wells Fargo Bank, N.A. as administrative agent for such lenders and (iii) the Company, CIBER, Inc. and CIBER International LLC as borrowers.

**WHEREAS**, the Board deems it desirable for, fair to and in the best interests of the Company, its subsidiaries, creditors, and stakeholders and other parties in interest, that the Company borrow an aggregate principal amount of up to $41,000,000 pursuant to the terms and conditions set forth in the DIP Loan Agreement substantially in the form previously provided to the Board, and to authorize and approve (i) entry into and borrowing under the DIP Loan Agreement and (ii) the execution, delivery and performance of any documents applicable to the Company and relating to the DIP Loan Agreement to which the Company is a party, including that certain Master Reaffirmation of Prepetition Loan Documents (together with the DIP Loan Agreement, the "DIP Loan Documents").

**NOW, THEREFORE, BE IT RESOLVED** as follows:

**RESOLVED**, that any of the Authorized Officers, and each of them, are hereby authorized, directed and empowered, in the name and on behalf of the Company, to make, execute and deliver, either jointly or severally, any and all DIP Loan Documents and any and all amendments, supplements, modifications, extensions, renewals, replacements and agreements, documents and instruments relating to the foregoing; and it is further

**RESOLVED**, that the forms, terms and provisions of the DIP Loan Documents are hereby authorized and approved in all respects; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are hereby authorized, directed and empowered, in the name and on behalf of the Company: (i) to borrow under the DIP Loan Agreement such amount or amounts of money or obtain such other financial accommodations as may be made available to the Company under the DIP Loan Documents, and (ii) to extend or renew any loan or loans or any installment of principal or interest thereof, or any indebtedness owing under the DIP Loan Agreement, as amended; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, for and on behalf of and in the name of the Company, in its own capacity and as a member or shareholder of its subsidiaries, are hereby authorized, directed and empowered, in the name and on behalf of the Company, to cause the Company to make, execute and deliver, from time to time, the note or notes of the Company, evidencing said loan or loans, extensions or renewals, and to sell, transfer, lease, assign, hypothecate, set over, otherwise transfer, grant security interests in, mortgage or pledge any or all of the property of the Company, real, personal, or

mixed, tangible or intangible, now owned or hereafter acquired as security for the obligations under the DIP Loan Documents; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are hereby authorized, directed and empowered, in the name and on behalf of the Company, to execute and deliver any and all instruments, papers and documents and to do all other acts that they may deem convenient or proper to effectuate the purpose and intent hereof; and it is further

**RESOLVED**, that the Board hereby determines that the consideration to be received for the approval, execution and delivery of the DIP Loan Documents is deemed adequate, and that such approval, execution, delivery and performance is deemed valid.

**GENERAL AUTHORIZATION AND RATIFICATION**

**RESOLVED**, that the Authorized Officers, and each of them, are authorized and directed, in the name and on behalf of the Company, consistent with these Resolutions and with the advice of counsel to the Company: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve; (ii) to negotiate, execute, deliver, certify, file and/or record, and perform any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection therewith; and (iii) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are empowered, authorized and directed, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such contracts, documents, instruments and agreements providing for the engagement, retention, compensation, reimbursement or expenses and indemnification of any legal counsel, accounting firm, or other such consultants, advisors and other agents, to incur and pay all such fees and expenses and to retain any such legal counsel, accounting firm, or other such consultants, advisors and other agents, in each case as they shall in their judgment determine to be necessary, desirable or advisable to carry out fully the intent and purpose of the foregoing resolutions and the execution by such Authorized Officer of any such document, instrument or agreement or the payment of any such expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor and the approval of the documents, instruments or agreements so executed, the expenses so paid and the actions so taken; and it is further

**RESOLVED**, that any person dealing with any Authorized Officer or Authorized Officers in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the Secretary or the Assistant Secretary of the Company is authorized, in the name and on behalf of the Company, to prepare and to certify as a resolution of the Company such

additional resolutions as an Authorized Officer, acting upon advice of counsel to the Company, shall deem necessary or advisable to accomplish the purposes of the foregoing resolutions; and it is further

**RESOLVED**, that the authority given in these resolutions is retroactive and any and all actions heretofore or hereafter taken by the Authorized Officers within the terms of any of the foregoing resolutions are ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that the Company shall indemnify, defend and hold harmless, to the fullest extent permitted by the Illinois Business Corporation Act of 1983 and the By-Laws, each of the Authorized Officers with respect to any legal, equitable or administrative claim of any kind whatsoever against such Authorized Officer in connection with, arising from or related to any actions taken by such Authorized Officer in connection with the foregoing resolutions.

[*Remainder of Page Intentionally Left Blank*]

The foregoing resolutions may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

Adopted as of the date first written above.

______________________ Date: 4/9/17

Michael Boustridge

______________________ Date: 4/9/17

Christian M. Mezger

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIBER, Inc., *et al.*,[1] | ) | Case No. 17-_____ (___) |
| | ) | |
| Debtors. | ) | Joint Administration Pending |
| | ) | |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING 20 LARGEST UNSECURED CLAIMS**

On the date hereof, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is a list of creditors holding the twenty (20) largest unsecured claims against the Debtors, prepared on a consolidated basis from the Debtors' unaudited books and records as of April 7, 2017, and in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The list does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (ii) secured creditors, unless the value of the collateral securing such claim is such that the unsecured deficiency places the creditor among the holders of the twenty (20) largest unsecured claims.

Nothing herein shall constitute an admission of liability by, or be binding on, the Debtors. The Debtors reserve all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the corporate and legal documents shall control.

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of Debtor CIBER, Inc.'s federal tax identification number (the other Debtors do not have EINs) are: CIBER, Inc. (6833), CIBER International LLC, and CIBER Consulting, Incorporated. The principal place of business for each Debtor is 6312 South Fiddler's Green Circle, Suite 600E, Greenwood Village, CO 80111.

| Fill in this information to identify the case: |
|---|
| Debtor name Ciber, Inc., et al. |
| United States Bankruptcy Court for the: ________ District of Delaware |
| Case number (If known): ____________ |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SAP America Inc.<br>5 Westbrook Corp Center<br>Westchester, IL 60154 | Attn: Todd McElhatton<br>Chief Financial Officer<br>Phone: 610-661-1000<br>Fax: 610-595-2187<br>Email: treasury.us@sap.com | Trade Debt | | | | $5,300,799 |
| 2 | The Boston Consulting Group Inc<br>One Beacon Street<br>10th Floor<br>Boston, MA 02108 | Attn: Rob Souza<br>Senior Partner and Managing Director<br>Phone: 617-850-3700<br>Fax: 617-850-3701<br>Email: texfinance@bcg.com | Trade Debt | | | | $1,550,000 |
| 3 | ScanSource Pos & Barcode<br>6 Logue Court<br>Greenville, SC 29615 | Attn: Gerry Lyons<br>Chief Financial Officer<br>Phone: 864-288-2432<br>Fax: 864-288-1165<br>Email: CashApplication@scansource.com | Trade Debt | | | | $1,409,680 |
| 4 | CenturyLink Technology Solutions<br>100 CenturyLink Drive<br>Monroe, LA 71203 | Attn: Glen F. Post, III<br>Chief Executive Officer and President<br>Phone: 318-388-9000<br>Email: glen.post@centurylink.com | Trade Debt | | | | $1,400,438 |
| 5 | Bird & Bird<br>15 Fetter Lane<br>London, EC4A 1JP<br>United Kingdom | Attn: Nicholas Perry<br>Partner<br>Phone: 44 0 20 7415 6158<br>Fax: 44 (0)20 7415 6111<br>Email: nick.perry@twobirds.com | Trade Debt | | | | $599,375 |
| 6 | SkillSoft Corporation<br>107 Northeastern Blvd.<br>Nashua, NH 03062 | Attn: Bill Donoghue<br>Chairman and Chief Executive Officer<br>Phone: 603-324-3000<br>Fax: 603-324-3009 | Trade Debt | | | | $522,498 |
| 7 | Enterprise Services LLC<br>5400 Legacy Drive<br>Plano, TX 75024 | Attn: Chris Williams<br>Phone: 972-607-4610<br>Fax: 972-605-6033<br>Email: chris.w@hpe.com | Trade Debt | | | | $474,038 |

Debtor Ciber, Inc., *et al.* Case Number (if known) ____________
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | eDataForce Consulting LLC<br>4500 Fuller Drive, #125<br>Irving, TX 75038 | Attn: Krishna Boga<br>Phone: 972-782-2529<br>Fax: 972-281-3328<br>Email: krishna@edataforce.com | Trade Debt | | | | $434,571 |
| 9 | Rubin Technology LLC<br>12547 Huntington Trace<br>Alpharetta, GA 30005 | Phone: 678-637-4977<br>Email: RAJA@RUBINGLOBAL.COM | Trade Debt | | | | $383,793 |
| 10 | Synnex Corporation<br>44201 Nobel Drive<br>Fremont, CA 94538 | Attn: Marshall Witt<br>Chief Financial Officer<br>Phone: 510-656-3333<br>Fax: 510-668-3777 | Trade Debt | | | | $370,299 |
| 11 | Agile Global Solutions, Inc<br>13405 Folsom Blvd<br>Suite #515<br>Folsom, CA 95630 | Attn: Raja Krishnan<br>President and Chief Executive Officer<br>Phone: 916-655-7745<br>Fax: 916-848-3659<br>Email: raja@agileglobalsolutions.com | Trade Debt | | | | $276,757 |
| 12 | Symmetrix Solutions<br>6455 S Yosemite Street<br>Suite 520<br>Greenwood Village, CO 80111 | Attn: Kevin Mungle<br>Managing Partner<br>Phone: 720-506-3375<br>Email: kmungle@symxsol.com | Trade Debt | | | | $273,423 |
| 13 | Arrow Enterprise Computing Solution Inc<br>9201 E. Dry Creek Road<br>Centennial, CO 80112 | Attn: Howard Goldberg<br>President, ECS Americas<br>Phone: 303-824-4000<br>Fax: 720-873-7520 | Trade Debt | | | | $247,879 |
| 14 | Consilio, LLC<br>1828 L Street NW, Suite 1070<br>Washington, DC 20036 | Attn: Andy Macdonald<br>Chief Executive Officer<br>Phone: 202-822-6222, ext. 811<br>Fax: 202-318-9184<br>Email: amacdonald@consilio.com | Trade Debt | | | | $235,895 |
| 15 | Polsinelli PC<br>900 W 48th Pl<br>Suite 900<br>Kansas City, MO 64112 | Attn: W. Russell Welsh<br>Chairman and Chief Executive Officer<br>Phone: 816-753-1000<br>Fax: 816-753-1536<br>Email: wrwelsh@polsinelli.com | Trade Debt | | | | $229,864 |
| 16 | Ernst and Young LLP<br>1101 New York Avenue N.W.<br>Washington, DC 20005 | Attn: Mark Weinberger<br>Chairman and Chief Executive Officer<br>Phone: 202-327-7720 | Trade Debt | | | | $178,000 |
| 17 | Linkedin Corporation<br>2029 Stierlin Ct. Ste. 200<br>Mountain View, CA 94043 | Attn: Steve Sordello<br>Chief Financial Officer<br>Phone: 650-687-3600<br>Fax: 650-687-0505 | Trade Debt | | | | $175,044 |

Debtor Ciber, Inc., *et al.*
Name

Case Number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Grant Thornton<br>171 N. Clark Street, Suite 200<br>Chicago, IL 60601 | Attn: Tracy W. BerryDeputy General CounselPhone: 214-561-2337Fax: 312-602-8099Email: tracy.berry@us.gt.com | Trade Debt | | | | $173,427 |
| 19 | CamSoft Data Systems, Inc.<br>6676 Exchequer, Suite B<br>Baton Rouge, LA 70809 | Attn: Carlo MacDonald<br>President and Chief Executive Officer<br>Phone: 225-291-9887<br>Fax: 225-291-5364<br>Email: carlo@camsoftdata.com | Litigation | Contingent, Unliquidated & Disputed | | | Undetermined |
| 20 | Pennsylvania Turnpike Commission<br>700 S. Eisenhower Blvd.<br>Middletown, PA 17057 | Attn: Mark P. Compton<br>Chief Executive Officer<br>Phone: 717-939-9551<br>Fax: 717-986-8714<br>Email: mcompton@paturnpike.com | Litigation | Contingent, Unliquidated & Disputed | | | Undetermined |

**Fill in this information to identify the case and this filing:**

Debtor Name CIBER Consulting, Incorporated

United States Bankruptcy Court for the: ____________ District of Delaware (State)

Case number *(If known)*: ____________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ______
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ____________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/09/2017
MM / DD / YYYY

✕ [signature]
Signature of individual signing on behalf of debtor

Christian Mezger
Printed name

Chief Financial Officer
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CIBER Consulting, Incorporated, | Case No. 17-_____ (___) |
| Debtor. | Joint Administration Pending |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(l) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the above-captioned debtor.

| Debtor | Direct Owner(s) | Indirect Owner(s) |
|---|---|---|
| CIBER Consulting, Incorporated | CIBER, Inc. | N/A |

**Fill in this information to identify the case and this filing:**

Debtor Name CIBER Consulting, Incorporated

United States Bankruptcy Court for the: ______________ District of Delaware (State)

Case number *(If known)*: ______________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ______

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/09/2017 (MM / DD / YYYY)

✘ [signature]
Signature of individual signing on behalf of debtor

Christian Mezger
Printed name

Chief Financial Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIBER Consulting, Incorporated, | ) | Case No. 17-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Pending |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of entities holding an interest in the above-captioned debtor.

| Name and Last Known Address or Place of Business | Nature of Interest Held | Amount of Interest Held |
|---|---|---|
| CIBER, Inc.<br>6363 South Fiddler's Green Circle, Suite 600E<br>Greenwood Village, Colorado 80111 | Sole Owner | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name CIBER Consulting, Incorporated

United States Bankruptcy Court for the: ____________ District of Delaware (State)

Case number *(If known)*: ____________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ______
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/09/2017
MM / DD / YYYY

x [signature]
Signature of individual signing on behalf of debtor

Christian Mezger
Printed name

Chief Financial Officer